# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARRY NEWMAN, ) | No. |
| ) | |
| Plaintiff, ) | |
| ) | |
| -against- ) | |
| ) | COMPLAINT |
| ASA COLLEGE, INC., ) | |
| ALEXANDER SHCHEGOL, and ) | |
| JOSE VALENCIA, ) | Plaintiff Demands a Trial by Jury |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff BARRY NEWMAN ("Mr. Newman" or "Plaintiff"), by and through his attorneys Levine & Blit, PLLC, complaining of defendants ASA COLLEGE, INC. ("ASA College"), ALEXANDER SHCHEGOL ("Mr. Shchegol"), and JOSE VALENCIA ("Mr. Valencia") (hereinafter, ASA College, Mr. Shchegol, and Mr. Valencia shall be collectively referred to as "Defendants"), hereby alleges:

## NATURE OF THE ACTION

1. This action is by Plaintiff asserting the following causes of action: (a) unpaid minimum wages in willful violation of the Fair Labor Standards Act ("FLSA"), (b) unpaid overtime wages in willful violation of the FLSA, (c) unpaid minimum wages in willful violation of the New York Labor Law ("Labor Law"), (d) unpaid overtime wages in willful violation of the Labor Law, (e) unpaid earned wages in willful violation of the Labor Law, (f) unlawful deductions in willful violation of Labor Law § 193, (g) unpaid accrued vacation in willful violation of the Labor Law; (h) untimely paid wages in willful violation of Labor Law § 191; (i) unjust enrichment, (j) *quantum meruit*, and (k) breach of an oral contract.

1

2. Plaintiff seeks declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendants' unlawful conduct, including unpaid minimum wages, unpaid overtime wages, unpaid earned wages, unlawful deductions, and unpaid accrued vacation pay; an award of liquidated damages under the Labor Law; an award of economic losses to Plaintiff; Plaintiff's reasonable attorney's fees; prejudgment interest; costs of this action; and any such other and further relief this Court deems just and equitable.

### JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 29 U.S.C. § 216(b).

4. Venue is proper in this Court pursuant to pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of New York.

### THE PARTIES

5. Mr. Newman is a citizen of the State of New York, County of New York.

6. ASA College is a for-profit domestic business corporation, duly organized and existing in the State of New York, with its principal place of business located at 151 Lawrence Street, Brooklyn, New York 11201.

7. ASA College is a higher education institution for thousands of students with locations in New York County and Kings County.

8.  Mr. Shchegol is the founder and sole owner of ASA College.

9.  For many years, Mr. Shchegol served as President of ASA College.

10. Upon information and belief, Mr. Shchegol is a citizen of the State of New York.

11. In 2019, Mr. Shchegol was removed as President of ASA College after a series of sexual harassment allegations surfaced.

12. In about September 2021, Mr. Shchegol sought reinstatement to the position of President by the Board of Directors for ASA College.

13. When the Board of Directors for ASA College refused to reinstate Mr. Shchegol to the position of President, Mr. Shchegol used his ownership position to remove Board Members who did not support his reinstatement.

14. Thereafter, Mr. Shchegol was reinstated as President of ASA College in about October 2021.

15. On December 31, 2021, Mr. Shchegol resigned as President of ASA College.

16. Although Mr. Shchegol does not presently have a formal title or position with ASA College, he has exercised and continues to exercise significant operational and financial control over ASA College since his December 31, 2021 resignation through the present.

17. After Mr. Shchegol's resignation on December 31, 2021, Mr. Valencia became interim President of ASA College.

18. Upon information and belief, Mr. Valencia is a citizen of the State of New York.

19. In about November 2022, ASA College lost its accreditation effective March 1, 2023.

20. One reason that ASA College lost its accreditation was due to its failure to timely pay its employees.

21. On November 14, 2022, Mr. Shchegol and Mr. Valencia held a town hall Zoom meeting for faculty.

22. During the November 14, 2022 Zoom meeting, both Mr. Shchegol and Mr. Valencia addressed the faculty concerning the loss of accreditation and appeal options.

23. During this same meeting, Mr. Shchegol confirmed that whether an appeal will occur was his decision and not the decision of the Board of Directors.

24. During this same meeting, Mr. Shchegol was asked by faculty when they would be paid.

25. Mr. Shchegol promised he would pay the faculty the wages owed plus a 5 percent bonus.

26. On January 3, 2023, Mr. Valencia sent an email to faculty concerning the state of ASA College.

27. In the January 3, 2023 email, Mr. Valencia wrote that he did not know when ASA College would get the money to fund future payrolls.

28. In the January 3, 2023 email, Mr. Valencia wrote that the owner [Mr. Shchegol] of the school [ASA College] has not been able to secure funding, and he believes he will not in the near future.

29. In the January 3, 2023 email, Mr. Valencia wrote that employees would not be working for free, but that their wages will continue to accrue.

30. In the January 3, 2023 email, Mr. Valencia wrote that if employees of ASA College quit then they would be eligible for unemployment and that he would approve it.

31. In the January 3, 2023 email, Mr. Valencia wrote that it was absolutely incorrect to say that employees were fired because there was no money to pay their wages or salary.

32. On January 16, 2023, Mr. Valencia sent an email to employees of ASA College.

33. In the January 16, 2023 email, Mr. Valencia wrote that he and Alex [Mr. Shchegol] had been trying hard to get funding to fund the 12/23/2022 unpaid payroll.

34. In the January 16, 2023 email, Mr. Valencia wrote that Mr. Shchegol had secured funding to cover the 12/23/2022 payroll.

35. In the January 16, 2023 email, Mr. Valencia wrote that he and Alex [Mr. Shchegol] had been trying hard to get funding to fund the 1/20/2023 unpaid payroll.

36. At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of applicable State statutes and laws.

37. At all times relevant to this action, Defendants were an "employer" of Plaintiff within the meaning of applicable State statutes and laws.

38. At all times relevant to this action, Defendants were an "enterprise" and an "enterprise engaged in interstate commerce" as defined by the FLSA, 29 U.S.C. §§ 203(r) and (s), and, thus, an entity covered by the FLSA.

39. Defendants, individually or jointly, have (a) employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (b) an annual gross volume of sales in excess of five hundred thousand dollars ($500,000.00).

40. Defendants were a joint employer of Plaintiff.

41. Mr. Shchegol and Mr. Valencia are individually liable under the FLSA and Labor Law as each individual had the power to hire or fire; controlled the conditions of employment of employees of ASA College; determined the rate and method of payment of employees of ASA College; and maintained employment records for ASA College.

## FACTUAL ALLEGATIONS

42. At all times relevant to this action, Mr. Newman was employed by Defendants as Chair of the Massage Therapy Department at Defendants' college in New York.

43. Mr. Newman became Chair of the Massage Therapy Department in or about April 2018.

44. When Mr. Newman began working as Chair of the Massage Therapy Department, Mr. Newman was promised by Defendants that he would be paid an annual salary of $62,000.00.

45. Instead, Mr. Newman was paid approximately $50,000.00 per year by Defendants.

46. Mr. Newman was paid bi-weekly.

47. Mr. Newman was not paid on a salary basis.

48. Mr. Newman was required to record his time worked by clocking-in and clocking-out his time worked.

49. Mr. Newman was told by Defendants that his bi-weekly pay would be reduced if he worked less than 40 hours in a work week during the bi-weekly period.

50. In addition, during furloughs mandated by Defendants, Mr. Newman was not compensated.

51. Mr. Newman was prohibited by Defendants from using his paid vacation time when the college was closed, including during furloughs.

52. Mr. Newman's duties included managing instructors in the Massage Therapy Department, oversight of the curriculum, student relations, interfacing with State licensing authorities, performed IT functions in his Department, and he taught up to 19 credits per semester.

53. At all times relevant to this action, Mr. Newman worked 45 to 50 hours per week for Defendants.

54. Defendants deducted $240.00 from Plaintiff's wages for each bi-weekly pay period pursuant to a Commuter Benefits Program where the funds would be transferred to a third-party management company to facilitate the purchase of subway and other commuter fares in New York City.

55. In or about late 2022, Mr. Newman learned from the third-party management company that Defendants had not funded the program.

56. As such, Defendants deducted and retained in excess of $600.00 that was not for the benefit of Plaintiff or other lawful withholdings.

57. Mr. Newman was untimely paid in violation of Labor Law § 191 on numerous occasions in 2022.

58. Plaintiff was due to be paid their wages on January 21, 2022; however, payment was not remitted until January 25, 2022.

59. Plaintiff was due to be paid their wages on April 1, 2022; however, payment was not remitted until April 2, 2022.

60. Plaintiff was due to be paid their wages on August 19, 2022; however, payment was not remitted until August 23, 2022.

61. Plaintiff was due to be paid their wages on September 2, 2022; however, payment was not remitted until September 6, 2022.

62. Plaintiff was due to be paid their wages on September 16, 2022; however, payment was not remitted until September 17, 2022.

63. Plaintiff was due to be paid their wages on September 30, 2022; however, payment was not remitted until October 4, 2022.

64. Plaintiff was due to be paid their wages on October 14, 2022; however, payment was not remitted until October 21, 2022.

65. Plaintiff was due to be paid their wages on October 28, 2022; however, payment was not remitted until November 24, 2022.

66. Plaintiff was due to be paid their wages on November 11, 2022; however, payment was not remitted until November 24, 2022.

67. Plaintiff was due to be paid their wages on December 9, 2022; however, payment was not remitted until December 21, 2022.

68. As a result of the untimely payments, Plaintiff has suffered an injury in fact in that he has been denied use of the money, he has been denied interest that would have been earned had the money been deposited into an interest-bearing account, and he has incurred additional costs, fees, or interest on bills or debts he was unable to pay because the money was not timely remitted.

69. In addition, Plaintiff has not been paid any wages despite performing known work for Defendants for the following pay periods: (a) the pay period ending December 23, 2022, and (b) the pay period ending January 6, 2023, and (c) all pay periods worked thereafter.

70. Defendants were aware that its pay practices described herein were in violation of the FLSA and Labor Law, but continued to willfully engage in such unlawful pay practices.

71. Mr. Newman was entitled to three weeks of paid vacation per year as an employee of Defendants.

72. Defendants had a policy or practice of paying out accrued but unused vacation upon the end of full-time employee's employment with Defendants.

73. On February 24, 2023, ASA College closed its business effectively ending Mr. Newman's employment.

74. Subsequent to the end of his employment with Defendants, ASA College did not pay out Mr. Newman's accrued but unused vacation, which was equal to two weeks of vacation.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS**
**(Unpaid Minimum Wages in Violation of the FLSA)**

75. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 74, as if fully set forth herein.

76. Defendants were the employer of Plaintiff within the meaning of the FLSA.

11

77. Plaintiff was a non-exempt employee of Defendants under the FLSA.

78. Pursuant to the acts and practices alleged herein, Defendants willfully paid Plaintiff below the minimum wage.

79. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff. As such, Defendants' noncompliance with the FLSA was willful.

80. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered economic damages in the form of unpaid minimum wages in an amount to be determined at trial and are entitled to recover the value of those unpaid minimum wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Overtime Wages in Violation of the FLSA)

81. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 80, as if fully set forth herein.

82. Defendants were the employer of Plaintiff within the meaning of the FLSA.

83. Plaintiff was a non-exempt employee of Defendants under the FLSA.

84. Pursuant to the acts and practices alleged herein, Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of 40 in a work week.

85. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.  As such, Defendants' noncompliance with the FLSA was willful.

86. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered economic damages in the form of unpaid overtime wages in an amount to be determined at trial and are entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Minimum Wages in Violation of the Labor Law)

87. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 86, as if fully set forth herein.

88. Defendants were the employer of Plaintiff within the meaning of the Labor Law.

89. Plaintiff was a non-exempt employee of Defendants under the Labor Law.

90. Pursuant to the acts and practices alleged herein, Defendants willfully paid Plaintiff below the minimum wage.

91. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the

Labor Law with respect to the compensation of Plaintiff. As such, Defendants'
noncompliance with the Labor Law was willful.

92. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered economic
damages in the form of unpaid minimum wages in an amount to be determined at trial
and are entitled to recover the value of those unpaid minimum wages plus an equivalent
amount of liquidated damages pursuant to the Labor Law.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANTS**
**(Unpaid Earned Wages in Violation of the Labor Law §§ 191, 193, 198)**

93. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1
through 92, as if fully set forth herein.

94. Defendants were the employer of Plaintiff within the meaning of the Labor Law.

95. Plaintiff was a non-exempt employee under the Labor Law.

96. Pursuant to the acts and practices alleged herein, Plaintiff performed work on
Defendants' behalf and known to Defendants, but were denied their wages earned.

97. Defendants were aware or should have been aware that the practices described in this
Complaint were unlawful and it has not made a good faith effort to comply with the
Labor Law with respect to the compensation of Plaintiff. As such, Defendants'
noncompliance with the Labor Law was willful.

98. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered economic
damages in the form of unpaid wages in an amount to be determined at trial and are

14

entitled to recover the value of those unpaid wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Overtime Wages in Violation of the Labor Law)

99. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 98, as if fully set forth herein.

100.    Defendants were the employer of Plaintiff within the meaning of the Labor Law.

101.    Plaintiff was a non-exempt employee of Defendants under the Labor Law.

102.    Pursuant to the acts and practices alleged herein, Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of 40 in a work week.

103.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff.  As such, Defendants' noncompliance with the Labor Law was willful.

104.    As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered economic damages in the form of unpaid overtime wages in an amount to be determined at trial and are entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the Labor Law and prejudgment interest.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Accrued but Unused Vacation Pay in Violation of the Labor Law §§ 193, 198)

105.    Plaintiff hereby repeats and realleges each allegation contained in paragraphs

numbered 1 through 104, as if fully set forth herein.

106.    Defendants were the employer of Plaintiff within the meaning of the Labor Law.

107.    Plaintiff was a non-exempt employee under the Labor Law.

108.    Pursuant to the acts and practices alleged herein, Plaintiff accrued vacation pay

that went unused prior to the end of Plaintiff's employment with Defendants.

109.    It was Defendants' practice or policy to pay out accrued but unused vacation pay

to their employees when the employment ended.

110.    However, Defendants did not pay out the one week of vacation pay owed to

Plaintiff at the time his employment with Defendants ended.

111.    Defendants were aware or should have been aware that the practices described in

this Complaint were unlawful and it has not made a good faith effort to comply with the

Labor Law with respect to the compensation of Plaintiff.  As such, Defendants'

noncompliance with the Labor Law was willful.

112.    As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered

economic damages in the form of unpaid accrued vacation pay in an amount to be

determined at trial and are entitled to recover the value of those unpaid wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

## SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Unlawful in Violation of the Labor Law §§ 193)

113.     Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 112, as if fully set forth herein.

114.     Defendants were the employer of Plaintiff within the meaning of the Labor Law.

115.      Plaintiff was a non-exempt employee under the Labor Law.

116.     Pursuant to the acts and practices alleged herein, Defendants made deductions from Plaintiff's wages that were not for the benefit of Plaintiff.

117.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff.  As such, Defendants' noncompliance with the Labor Law was willful.

118.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered economic damages in the form of unlawful deductions from pay in an amount to be determined at trial and are entitled to recover the value of those unlawfully deducted wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

## EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Untimely Wages in Violation of the Labor Law § 191)

119.     Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 119, as if fully set forth herein.

120.     Defendants were the employer of Plaintiff within the meaning of the Labor Law.

121.     Plaintiff was a clerical or other worker within the meaning of Labor Law § 191(d).

122.     Plaintiff was to be paid bi-weekly pursuant to Defendants' terms of employment.

123.     On numerous occasions, as identified above, Plaintiff was not timely paid his wages earned.

124.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff.  As such, Defendants' noncompliance with the Labor Law was willful.

125.     As a proximate result of Defendants' unlawful conduct, Plaintiff is entitled to recover the value of those untimely paid wages as liquidated damages and prejudgment interest pursuant to the Labor Law.

**NINTH CAUSE OF ACTION AGAINST DEFENDANTS**
**(Unjust Enrichment)**

126.     Plaintiff hereby repeats and realleges each allegation contained in paragraphs

numbered 1 through 125, as if fully set forth herein.


127.     Pursuant to the acts and practices alleged herein, Defendants received a benefit

from Plaintiff.


128.     The benefit was received by Defendants at the expense of Plaintiff.


129.     It is against equity and good conscience to permit the Defendants to retain what is

sought to be recovered by Plaintiff.

**TENTH CAUSE OF ACTION AGAINST DEFENDANTS**
**(*Quantum Meruit*)**

130.     Plaintiff hereby repeats and realleges each allegation contained in paragraphs

numbered 1 through 129, as if fully set forth herein.


131.     Plaintiff performed services for Defendants in good faith.


132.     Defendants accepted the services performed by Plaintiff.


133.     Plaintiff performed those services with the expectation of compensation.

134.     Defendants failed to compensate Plaintiff with reasonable value for said services
rendered.

## ELEVENTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Breach of an Oral Contract)

135.     Plaintiff hereby repeats and realleges each allegation contained in paragraphs
numbered 1 through 134, as if fully set forth herein.

136.     Defendants and Plaintiff entered into an oral contract where Defendants promised
to pay Plaintiff an annual salary of $62,000.00 if Plaintiff were to perform the duties of
Chair of the Massage Therapy Department at ASA College.

137.     Plaintiff performed his duties under the oral contract by ably serving as Chair of
the Massage Therapy Department for ASA College from 2018 to the end of his
employment.

138.     Defendants materially breached their oral contract with Plaintiff by failing to pay
him his full salary.

139.     Defendants paid Plaintiff less than $62,000.00 per annum.

140.     As a result of Defendants' breach of contract, Plaintiff has sustained economic
losses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter a judgment against

Defendants containing the following relief:

a)   An order declaring Defendants have violated the relevant provisions of the FLSA and Labor Law;

b)   An order enjoining Defendants from engaging in the unlawful activities alleged above;

c)   An order awarding monetary damages for Plaintiff's economic losses in the form of unpaid minimum wages, unpaid overtime wages, unpaid earned wages, unlawful deductions from wages, and unpaid accrued vacation pay, or economic losses arising from Defendants being unjustly enriched and/or Defendants' breach of contract;

d)   An order awarding liquidated damages to Plaintiff under the Labor Law in an amount equal to the total amount of unpaid minimum wages, unpaid overtime wages, unpaid earned wages, unlawful deductions from wages, unpaid accrued vacation pay, and untimely paid wages;

e)   An award of prejudgment interest on the unpaid minimum wages, unpaid overtime wages, unpaid earned wages, unlawful deductions, unpaid accrued vacation pay, and untimely paid wages owed to Plaintiff pursuant to the Labor Law;

f)   An award of the reasonable value of Plaintiff's services pursuant to a *quantum meruit* theory of liability;

g)   An award of Plaintiff's reasonable attorneys' fees pursuant to the Labor Law;

h)   An award of the Plaintiff's costs of this action; and

i)   Any such other and further relief this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: April 26, 2023
      New York, NY

                                   LEVINE & BLIT, PLLC

                                   Justin S. Clark
                                   *Attorneys for Plaintiff*
                                   350 Fifth Avenue, Suite 4020
                                   New York, NY 10118
                                   (212) 967-3000
                                   jclark@levineblit.com