UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARRY NEWMAN,<br><br>                  Plaintiff,<br><br>          -v.-<br><br>ASA COLLEGE, INC.; ALEXANDER<br>SHCHEGOL; and JOSE VALENCIA,<br><br>                  Defendants. | 23 Civ. 3503 (KPF)<br><br>**OPINION AND ORDER** |

KATHERINE POLK FAILLA, District Judge:

Three years ago, Plaintiff Barry Newman brought this wage and hour action against three entities and individuals alleged to be his former employers — Defendants ASA College, Inc. ("ASA College"), Alexander Shchegol, and Jose Valencia.  Because none of the Defendants appeared in this case, the Court entered a default judgment against them in December 2023.  The Court then referred the case for an inquest, adopted Magistrate Judge Robert W. Lehrburger's report and recommendation on the issue of damages, and awarded $76,820.17 to Mr. Newman in October 2024.  One year later, in October 2025, ASA College and Mr. Shchegol (together, the "ASA Defendants") entered their appearances on the docket.  Before the Court now is their motion to vacate the default judgment.  For the reasons set forth below, the Court denies that motion.

## BACKGROUND[1]

### A.    Factual Background

ASA College is a for-profit higher education institution with locations in New York County and Kings County.  (Compl. ¶¶ 6-7).  Mr. Shchegol founded ASA College, retained sole ownership over the institution, and served as its president for many years until his resignation in 2021.  (*Id.* ¶¶ 8-9, 11-15).  Mr. Valencia, who has not appeared in this action and is therefore irrelevant for purposes of the instant motion to vacate the default judgment, served as interim president of ASA College upon Mr. Shchegol's resignation.  (*Id.* ¶ 17).  Even after he resigned as president, however, Mr. Shchegol continued to exercise significant operational and financial control over ASA College.  (*Id.* ¶ 16).  In November 2022, ASA College lost its accreditation, which became effective on March 1, 2023.  (*Id.* ¶ 19).  And on February 24, 2023, ASA College effectively shut down.  (*Id.* ¶ 73).

Mr. Newman was employed by Defendants as chair of ASA College's Massage Therapy Department, having assumed that position in or about April

---

[1]    This Opinion draws its facts from Plaintiff's Complaint ("Compl." (Dkt. #1)), the well-pleaded allegations of which are taken as true for purposes of this Opinion.  *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 678-79 (2009).  The Court also relies, as appropriate, on the two declarations of Steven Johnson in support of the ASA Defendants' motion to vacate the default judgment ("Johnson First Decl." (Dkt. #46-2) and "Johnson Second Decl." (Dkt. #51-1)) and the exhibits attached thereto ("Johnson First Decl., Ex. [ ]" and "Johnson Second Decl., Ex. [ ]"); and the declaration of Russell S. Moriarty in opposition to the ASA Defendants' motion to vacate the default judgment ("Moriarty Decl." (Dkt. #50)) and the exhibits attached thereto ("Moriarty Decl., Ex. [ ]").

For ease of reference, the Court refers to the ASA Defendants' memorandum of law in support of their motion to vacate the default judgment as "Def. Br." (Dkt. #46-1); to Plaintiff's memorandum of law in opposition as "Pl. Opp." (Dkt. #49); and to the ASA Defendants' memorandum of law in reply as "Def. Reply" (Dkt. #51).

2018.  (Compl. ¶¶ 42-43).  He was promised an annual salary of $62,000, but in reality, he was paid on a bi-weekly, non-salary basis and received approximately $50,000 a year.  (*Id.* ¶¶ 44-47).  Mr. Newman was required to record his time, and he was further threatened that his pay would be reduced if he worked fewer than 40 hours a week.  (*Id.* ¶¶ 48-49).  During the relevant time period, Mr. Newman worked approximately 45 to 50 hours per week.  (*Id.* ¶ 53).

On several occasions in 2022, Mr. Newman did not receive his wages in a timely manner.  (Compl. ¶¶ 57-67).  Furthermore, he was not paid any wages for several pay periods, and he was not compensated during furloughs mandated by Defendants.  (*Id.* ¶¶ 50, 69).  He was prohibited from using his paid vacation time when ASA College was closed, including during the mandatory furloughs.  (*Id.* ¶ 51).  When ASA College eventually shut down, which effectively ended Mr. Newman's employment with the institution, Defendants did not pay out Mr. Newman's accrued but unused vacation days.  (*Id.* ¶¶ 73-74).  In addition, Defendants deducted and retained hundreds of dollars from Mr. Newman's wages for a commuter benefits program that they never funded.  (*Id.* ¶¶ 54-56).

## B.    Procedural History

On April 26, 2023, Mr. Newman filed a complaint in this Court against ASA College, Mr. Shchegol, and Mr. Valencia.  (Dkt. #1).  He brought claims for violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 209-219; violations of the New York Labor Law (the "NYLL"), N.Y. Lab. Law §§ 190-199-a;

3

unjust enrichment; quantum meruit; and breach of an oral contract. (Compl. ¶¶ 75-140). As relief, he sought his unpaid wages, liquidated damages, economic loss damages due to unjust enrichment and breach of contract, pre-judgment interest, and attorney's fees and costs. (*Id.* at 21).

On June 28, 2023, Mr. Newman filed affidavits of service regarding all three Defendants. (Dkt. #9-11). Soon thereafter, because of Defendants' non-appearance, Mr. Newman sought clerk's certificates of default, which were issued as to all Defendants on July 19, 2023. (Dkt. #12-18). Then, on September 15, 2023, Mr. Newman moved for a default judgment. (Dkt. #21-23). This Court issued an order to show cause as to why default judgment should not be entered against Defendants, and it scheduled a show-cause hearing to take place on December 20, 2023. (Dkt. #24, 26). None of the Defendants appeared at the December 20, 2023 show-cause hearing, and the Court granted a default judgment against Defendants. (Dkt. #29-30; *see* December 20, 2023 Minute Entry).

Separately, the Court issued a referral order to Judge Lehrburger for an inquest regarding damages. (Dkt. #28). Judge Lehrburger filed his report and recommendation on the issue of damages on August 29, 2024. (Dkt. #37). With no objections from Defendants, who still had not appeared in the case at that point, the Court on October 24, 2024, adopted the report and recommendation in full and awarded a total of $76,820.17 to Mr. Newman, including unpaid wages, liquidated damages, damages for breach of contract,

pre-judgment interest, and attorney's fees and costs.  (Dkt. #42).  Judgment to that effect was entered on October 25, 2024.  (Dkt. #43).

A year later, on October 25, 2025, counsel for ASA College and Mr. Shchegol entered his notice of appearance on the docket.  (Dkt. #45).  On the same day, the ASA Defendants filed a motion to vacate the default judgment and supporting papers.  (Dkt. #46).  After receiving an extension of time to respond (Dkt. #47-48), Mr. Newman filed his opposition and supporting papers on November 20, 2025 (Dkt. #49-50).  On December 19, 2025, the ASA Defendants filed their reply and supporting papers.  (Dkt. #51).

## DISCUSSION

### A.    Applicable Law

Federal Rule of Civil Procedure 55(c) states that a "court may set aside an entry of default for good cause, and it may set aside a final default judgment under [Federal] Rule [of Civil Procedure] 60(b)."  Fed. R. Civ. P. 55(c).  Among the various bases provided by Rule 60(b), a party may be relieved from a final judgment when "the judgment is void," Fed. R. Civ. P. 60(b)(4) — that is, "if the court that rendered [the judgment] lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law," *City of New York* v. *Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Grace* v. *Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 193 (2d Cir. 2006)).  In particular, "a judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law."  *Chettri* v. *Nepal Bangladesh Bank, Ltd.*, No. 10 Civ.

5

8470 (PGG), 2014 WL 4354668, at *5 (S.D.N.Y. Sept. 2, 2014) (internal quotation marks omitted) (quoting *Am. Inst. of Certified Pub. Accts.* v. *Affinity Card, Inc.*, 8 F. Supp. 2d 372, 375 (S.D.N.Y. 1998)).

In addition, Rule 60(b)(1) provides that a party may be relieved from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In deciding a motion to vacate a default judgment on this particular basis, "the district court is to be guided principally by three factors: [i] whether the default was willful, [ii] whether the defendant demonstrates the existence of a meritorious defense, and [iii] whether, and to what extent, vacating the default will cause the non[-]defaulting party prejudice." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educ. and Indus. Fund* v. *Abalene Decorating Inc.*, No. 20 Civ. 2559 (PKC), 2021 WL 1393455, at *2 (S.D.N.Y. Apr. 13, 2021) (internal quotation marks omitted) (quoting *SEC* v. *McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)).

On the first factor, a default is willful "where it is the result of 'more than merely negligent or careless' conduct," though the court is not required to find bad faith. *Abalene Decorating Inc.*, 2021 WL 1393455, at *2 (quoting *McNulty*, 137 F.3d at 738). On the second factor, "a meritorious defense does not require that the defendant 'establish his defense conclusively, but he must present evidence that, if proven at trial, would constitute a complete defense.'" *Id.* (quoting *McNulty*, 137 F.3d at 740). And on the final factor, "prejudice may result if … [vacatur] thwarts the plaintiff's recovery, results in the loss of

evidence, increases the difficulties of discovery[,] or provides greater opportunity for fraud and collusion." *Id.*

## B.   The Court Denies the ASA Defendants' Motion to Vacate the Default Judgment

### 1.   The Default Judgment As to Mr. Shchegol Is Not Void Because Service Was Proper

To begin, the ASA Defendants argue that the default judgment should be vacated as to Mr. Shchegol under Rule 60(b)(4) because the service of process on him was invalid. (Def. Br. 7-8; Def. Reply 4-6). Federal Rule of Civil Procedure 4(e)(1) permits service on an individual "to be made pursuant to the law of the state in which the district court is located." *Velez* v. *Vassallo*, 203 F. Supp. 2d 312, 325 (S.D.N.Y. 2002); *see* Fed. R. Civ. P. 4(e)(1). Here, Mr. Newman served Mr. Shchegol under New York law, which permits service to be "effected on an individual by 'delivering the summons within the state to a person of suitable age and discretion at the [person's] actual place of business ... and by mailing the summons to the person to be served at his or her last known residence or ... actual place of business.'" *Id.* (quoting N.Y. C.P.L.R. 308(2)). The ASA Defendants do not challenge Mr. Newman's ability to serve Mr. Shchegol using the process described in Section 308(2), which is in turn authorized by the Federal Rules of Civil Procedure. Rather, they contend that the address at which Mr. Newman served the summons and Complaint — 151 Lawrence Street in Brooklyn, New York, the location of one of ASA College's campuses as well as the institution's principal place of business — was not Mr. Shchegol's "actual place of business." (Def. Br. 1, 8; Compl. ¶ 6).

7

According to the ASA Defendants, Mr. Shchegol has been retired since 2018 and has not visited the 151 Lawrence Street address in years.  (Def. Br. 8). Moreover, ASA College was evicted from the 151 Lawrence Street address in or around April 5, 2023, and no ASA College-affiliated individual has had access to the address ever since.  (*Id.*).

Under New York law, an "actual place of business" includes "[i] a place where the defendant regularly transacts business, or [ii] an establishment that the defendant owns or operates, where there is a 'clear identification of the work performed by her with that place of business.'"  *Velez*, 203 F. Supp. 2d at 325 (collecting cases) (quoting *King* v. *Galluzzo Equip. & Excavating, Inc.*, No. 00 Civ. 6247 (ILG), 2001 WL 1402996, at *4 (E.D.N.Y. Nov. 8, 2001)); *see also Jimenez* v. *Bosie, LLC*, No. 19 Civ. 11570 (ER), 2021 WL 2941916, at *4 (S.D.N.Y. July 12, 2021).  For the second type of place of business, "[b]eing an officer or co-owner of the business where C.P.L.R. § 308(2) service was made [sufficiently] gives rise to a 'clear identification of the work performed by [that individual] with that place of business[.]'"  *Jimenez*, 2021 WL 2941916, at *5. Indeed, an actual place of business "can be established even when the officer and co-owner works mainly from home or appears occasionally at the place of business[,] as it is sufficient that the defendant merely maintained an ownership interest."  *Id.*  In *Jimenez*, for example, a sister court in this District found that service under Section 308(2) on an individual at a tea parlor that he owned or operated was valid, even though that individual was "a resident of the United Kingdom, [was] a silent partner in [the tea parlor], and only visit[ed]

8

New York a few times a year." *Id.* The court reasoned that the tea parlor was the individual defendant's "actual place of business because he [was] an officer and co-owner" of the tea parlor. *Id.*

Here, too, the 151 Lawrence Street address constitutes Mr. Shchegol's actual place of business because he is the sole owner of ASA College, even after his retirement as president of the institution and despite the fact that he has not frequented the address. (Compl. ¶ 8). Indeed, Mr. Shchegol may not have retained a formal title or position at ASA College or physically worked out of the 151 Lawrence Street address after his resignation, but he continued to "exercise significant operational and financial control over" the institution during the relevant period of this case, including holding town hall meetings to address the institution's loss of accreditation, discussing the payment of faculty wages, and engaging in fundraising efforts on behalf of ASA College. (Compl. ¶¶ 16, 21-25, 28, 33-35). In other words, Mr. Shchegol actively maintained his ownership interest in the institution by taking part in its operations, effectively holding out ASA College's physical address as his actual place of business. *See Velez,* 203 F. Supp. 2d at 325-26; N.Y. C.P.L.R. 308(6). Moreover, the ASA Defendants' assertion that the institution was evicted from the 151 Lawrence Street address is contradicted by Mr. Newman's documentary evidence that ASA College remains an active entity registered with the New York Department of State's Division of Corporations, with the

address to which the Secretary of State shall mail "any process against the corporation" being 151 Lawrence Street.  (Moriarty Decl., Ex. A).[2]

Almost all of the cases cited by the ASA Defendants to challenge the validity of service on Mr. Shchegol are inapposite because they evaluated whether the defendants regularly transacted business at places that they did not own or operate, which is irrelevant to the second type of place of business contemplated by New York law.  (Def. Br. 8; Def. Reply 5-6).  *See Ray* v. *Choueka*, 683 F. Supp. 3d 427, 431 (S.D.N.Y. 2023) (determining that the defendants did not regularly transact business at the address of a law firm); *O'Hara* v. *Cohen-Sanchez*, No. 22 Civ. 6209 (RPK) (JRC), 2023 WL 5979176, at *2, 6-7 (E.D.N.Y. Aug. 28, 2023) (explaining that "there must be some indication that [the defendants] actually worked at that address in order for service to be effective" where at least one of the defendants was the registered agent for service at a location outside of New York), *report and recommendation adopted* (Sept. 12, 2023); *Chen* v. *Best Miyako Sushi Corp.*, No. 16 Civ. 2012 (JGK) (BCM), 2021 WL 707273, at *9-10 (S.D.N.Y. Feb. 1, 2021) (discussing that there was no evidence to suggest that the individual defendants, none of whom was an owner or operator of the restaurant in question, worked at the restaurant at the time the plaintiffs attempted service), *report and recommendation adopted sub nom.*, *Shiqiu Chen* v. *Best Miyako Sushi Corp.*,

---

[2]     While the ASA Defendants do not challenge the validity of the service of process on ASA College, the Court agrees with Mr. Newman that service effectuated at the address currently listed with the New York Department of State is proper. (Pl. Opp. 6-7).  *See* Fed. R. Civ. P. 4(h); N.Y. C.P.L.R. 311.

2021 WL 706412 (S.D.N.Y. Feb. 19, 2021).  The only case that discussed ownership did so in the context of a discussion of the doctrine of respondeat superior and had nothing to do with service.  *See Raschel* v. *Rish*, 488 N.Y.S.2d 923, 925 (4th Dep't 1985) (explaining that a doctor's part ownership of a private hospital did not make him an agent or employee of the hospital for purposes of its vicarious liability).

In sum, Mr. Newman's service attempt on Mr. Shchegol at the 151 Lawrence Street address conformed to the requirements of Section 308(2) and Rule 4(e)(1).  Because service was valid, the default judgment against Mr. Shchegol cannot be set aside as a void judgment for lack of personal jurisdiction.

### 2.    The ASA Defendants Have Not Demonstrated Good Cause to Vacate the Default Judgment

The ASA Defendants fare no better in their efforts to demonstrate good cause for vacatur under Rule 60(b)(1).  *First*, the ASA Defendants' default was willful.  Because service on both ASA Defendants was proper, they cannot claim that they did not receive actual and timely notice of the lawsuit filed against them.  *See Glob. Exp. Mktg. Co. Ltd.* v. *Abdelrahman A. Abbar Trading Co.*, No. 20 Civ. 3504 (JPC) (SN), 2023 WL 425042, at *2 (S.D.N.Y. Jan. 9, 2023) (finding willfulness where defendants failed to appear after they were properly served), *report and recommendation adopted*, 2023 WL 2632230 (S.D.N.Y. Mar. 24, 2023).  (*See* Def. Br. 9-10; Def. Reply 9-10).  Moreover, the ASA Defendants do not argue that they made a mistake or inadvertently

overlooked this case. *Cf. Team Kasa, LLC* v. *Humphrey*, No. 17 Civ. 1074 (JS) (AKT), 2018 WL 1867117, at *7 (E.D.N.Y. Jan. 24, 2018) (discussing examples where employees forgot to forward case-related paperwork or made filing mistakes), *report and recommendation adopted*, 2018 WL 1083958 (E.D.N.Y. Feb. 26, 2018); *Windward Bora, LLC* v. *Feinstein*, No. 18 Civ. 2029 (SFJ) (GRB), 2019 WL 13548083, at *7 (E.D.N.Y. Sept. 30, 2019) (determining that default was not willful because it was due to an administrative error rather than a strategic decision to avoid the lawsuit).[3]

Rather, the ASA Defendants' explanation that they were "fully engrossed in an enormous effort to address the regulatory issues that had led to ASA closure's earlier that year" does not and cannot justify their failure to respond to Mr. Newman's Complaint in the two and a half years since it was first filed. (Def. Br. 9). Especially given the length of time, the Court is well within its discretion to find the default here to be willful "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *Murray Eng'g, P.C.* v. *Windermere Props. LLC*, No. 12 Civ. 52 (JPO), 2013 WL 1809637, at *4 (S.D.N.Y. Apr. 30, 2013) (internal quotation marks omitted) (quoting *McNulty*, 137 F.3d at 738). Indeed, the ASA Defendants' attempt to characterize the 151

---

[3]    In opposition to the ASA Defendants' motion, Mr. Newman submitted various affidavits filed by Mr. Shchegol in other litigations, in which Mr. Shchegol claimed not to have received critical filings in those litigations. (Moriarty Decl., Ex. B). Indeed, the affidavit submitted by Mr. Shchegol here in support of the ASA Defendants' vacatur motion was in fact prepared for and filed in a different litigation. (Johnson First Decl., Ex. A). The sheer number of affidavits strongly suggests either that Mr. Shchegol has been willfully blinding himself to lawsuits filed against him and ASA College in the wake of the institution's shutdown, or that his appearances in those lawsuits have been strategic, occurring at or after he and ASA College were on the precipice of default.

Lawrence Street address as inaccessible due to ASA College's non-operational

status at the time that Mr. Newman filed his lawsuit is contradicted by the

entity's active status with the New York Department of State's Division of

Corporations, which still displays 151 Lawrence Street as the proper address

for purposes of service of process.  (Moriarty Decl., Ex. A).[4]

Having found no reasonable explanation for the ASA Defendants'

conduct, the Court determines that their default was willful.  The Court notes

that such a finding "by itself … [sufficiently] support[s] [the Court's] refusal to

vacate the challenged default judgment[.]"  *United States* v. *Chesir*, 526 F. App'x

60, 62 (2d Cir. 2013) (summary order).  Nevertheless, the Court also evaluates

the second and third factors for the sake of completeness, and it determines

that those factors also weigh against vacatur.

*Second*, the Court is unpersuaded that the ASA Defendants have

presented a meritorious defense warranting vacatur of the entire default

judgment.  The ASA Defendants start by contending that this action is barred

by an arbitration agreement between Mr. Newman and ASA College that covers

the claims at issue.  (Def. Br. 10-11; Def. Reply 6-7; Johnson First Decl.,

Ex. B).  In general, by choosing to default, a party has "forfeited any right [that

---

[4]     Mr. Shchegol adds in the ASA Defendants' reply brief that he mistakenly believed
service to be improper.  (Def. Reply 9).  *See Weinstein* v. *Cardis Enters. Int'l N.V.*, No. 16
Civ. 2661 (SJF) (SIL), 2016 WL 11264710, at *6 (E.D.N.Y. Dec. 22, 2016) (explaining
that a mistaken belief in improper service could be negligent but not willful), *report and
recommendation adopted as modified*, 2017 WL 354191 (E.D.N.Y. Jan. 24, 2017).  That
argument is forfeited because it has not been raised in the opening brief.  *See, e.g.*,
*Jackson* v. *City of New York*, 606 F. App'x 618, 620-21 (2d Cir. 2015) (summary order).
In any event, even if Mr. Shchegol's conduct were excusable, ASA College would remain
willful in its default.

it] may have had to move to compel arbitration." *Drip Cap., Inc.* v. *Big Stock, Inc.*, No. 24 Civ. 2755 (CM), 2025 WL 2662271, at *8 (S.D.N.Y. Sept. 16, 2025); *see also Master Grp. Glob. Co., Ltd.* v. *Toner.Com Inc.*, No. 19 Civ. 6648 (AMD), 2020 WL 5260581, at *5 (E.D.N.Y. Aug. 10, 2020), *report and recommendation adopted*, 2020 WL 5259057 (E.D.N.Y. Sept. 3, 2020).  Here, while it is arguable that vacatur of the default would allow the ASA Defendants to move to compel arbitration, their conduct to date — including taking two and half years to appear in this action and waiting a year to file the instant motion after default judgment was entered — suggests that they may have waived arbitration by "act[ing] inconsistently with an existing right to arbitrate." *State Farm Mut. Auto. Ins. Co.* v. *Emuna Inc.*, No. 25 Civ. 3076 (NGG) (LKE), 2026 WL 247514, at *3 (E.D.N.Y. Jan. 30, 2026) (discussing waiver factors).

Next, the ASA Defendants argue that Mr. Shchegol was not an "employer" because he was not involved in ASA College's operations, including the hiring and firing of employees.  (Def. Br. 11-12; Def. Reply 7-8).  Under both the FLSA and the NYLL, a defendant must meet the definition of an "employer" to be held liable on wage and hour claims.  *See Herman* v. *RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (describing the FLSA's definition of an employer as "expansive"); *Spicer* v. *Pier Sixty LLC*, 269 F.R.D. 321, 335 n.13 (S.D.N.Y. 2010) (explaining that courts have treated the definition of "employer" under the NYLL as coextensive with the definition used by the FLSA).  Courts in this Circuit apply the "economic reality" test to ascertain "whether the alleged employer possessed the power to control the workers in

14

question," considering factors such as "whether the alleged employer [i] had the power to hire and fire the employees, [ii] supervised and controlled employee work schedules or conditions of employment, [iii] determined the rate and method of payment, and [iv] maintained employment records." *Herman*, 172 F.3d at 139 (internal quotation marks omitted) (quoting *Carter* v. *Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)). The Second Circuit has instructed that none of these considerations — also known as the *Carter* factors — should be applied rigidly, as they constitute "a nonexclusive and overlapping set of factors to ensure that the economic realities test mandated by the Supreme Court is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA." *Irizarry* v. *Catsimatidis*, 722 F.3d 99, 105 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Barfield* v. *N.Y.C. Health and Hosps. Corp.*, 537 F.3d 132, 143 (2d Cir. 2008)).

Here, Mr. Newman alleges that even after Mr. Shchegol resigned as president of ASA College, he continued to exercise significant operational and financial control over the institution, such as holding town hall meetings and discussing the payment of faculty wages. (Compl. ¶¶ 16, 21-25, 28, 33-35). While the Complaint's allegations may not meet every one of the *Carter* factors, they raise a reasonable inference that Mr. Shchegol's control over ASA College and its employment matters satisfies the economic reality test, so much so that Mr. Newman's FLSA and NYLL claims are likely to survive a motion to dismiss on this particular ground. The Court's determination is bolstered by the fact that the ASA Defendants have submitted no declaration or affidavit to the

contrary, as Mr. Shchegol's proffered affidavit in this case concerns an entirely different legal matter. (*See* Johnson First Decl., Ex. A).

Finally, the ASA Defendants take issue with the alleged oral employment contract between Mr. Newman and ASA College, arguing that Mr. Shchegol should not be held jointly and severally liable as a party to the contract and that Mr. Newman is barred by the doctrines of waiver and estoppel from asserting any right to the contract's promise of an annual salary. (Def. Br. 12-13; Def. Reply 9). Mr. Newman has not addressed those arguments in his opposition, and the Court finds that they may be relevant to the issue of damages awarded on the breach-of-contract claim. Nevertheless, because the Court has already determined that the ASA Defendants' default was willful, it will not vacate the default judgment on these potential defenses alone. *See, e.g., Chesir*, 526 F. App'x at 62. Moreover, most of Mr. Newman's claims — including those brought under the FLSA and the NYLL — do not rely on the alleged oral contract. And Mr. Shchegol remains liable on those wage and hour claims based on his status as an "employer" under the FLSA and the NYLL, which does not turn on the existence of an employment contract.

*Third*, on the issue of prejudice, the Court agrees with Mr. Newman that vacating the default judgment at this point in the litigation would be prejudicial. (Pl. Br. 11). While "delay alone is not a sufficient basis for establishing prejudice," *Abalene Decorating Inc.*, 2021 WL 1393455, at *2 (internal quotation marks omitted) (quoting *New York* v. *Green*, 420 F.3d 99, 110 (2d Cir. 2005)), "prejudice may result if, for example, it thwarts the

16

plaintiff's recovery, results in the loss of evidence, increases the difficulties of discovery[,] or provides greater opportunity for fraud and collusion," *id.* Here, Mr. Newman contends that vacatur may lead him to "fall further in line of a long list of creditors" and give rise to opportunities for fraudulent conveyances. (Pl. Opp. 11; *see* Moriarty Decl., Ex. C). That is sufficient to establish prejudice, especially given that the ASA Defendants cite no case requiring Mr. Newman to put forth detailed factual evidence in the context of vacatur of a default judgment. In any event, the Court notes that "[a]n absence of prejudice to the non[-]defaulting party would not in itself entitle the defaulting party to relief from the judgment." *McNulty*, 137 F.3d at 738.

## CONCLUSION

For the foregoing reasons, the ASA Defendants' motion to vacate the default judgment is DENIED. Because this case has already been closed, the Clerk of Court is directed to terminate the motion pending at docket entry 46.

SO ORDERED.

Dated: April 27, 2026
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

17